## THE PEOPLE *v.* HOWARD.

In a criminal action against a white person, a black or mulatto person—though the injured party — cannot, under the statute, be a witness for or against the defendant.

The injured party, under the thirteenth section of the act concerning crimes and punishments, means the person who is the immediate and direct sufferer from the offense.

APPEAL from the Court of Sessions of Sacramento.

The Court below admitted the testimony of the mulatto person, the owner of the watch alleged to have been stolen.

Defendant appeals.

*James W. Coffroth*, for Appellant, cited sec. 14 of the Act concerning Crimes and Punishments; and *People* v. *Hall*, 4 Cal. 339.

*C. Cole, District Attorney*, for Respondent.

FIELD, C. J. delivered the opinión of the Court—BALDWIN, J. concurring.

The defendant was convicted of the larceny of a gold watch belonging to a person of half negro blood, and the testimony of the negro was offered to establish the fact that the property was taken from him without his knowledge or consent. The question for consideration is, whether, in a criminal action against a white man, a black person—a mulatto in the present case—is a competent witness, where he is the injured party. By injured party, is meant the person who is the immediate and direct sufferer from the offense committed. The question presented must have its solution in the construction of certain provisions of the act concerning crimes and punishments. The thirteenth section of that act provides that, " the party or parties injured shall, in all cases, be competent witnesses ; " and the fourteenth section provides that " no black or mulatto person, or Indian, shall be permitted to give evidence in favor of or against any white person." This latter section, in our judgment, creates an exception to the general rule declared in the preceding one. The connection of the two sections, one following the other, leads us to that conclusion. The party injured may testify, in all cases, subject to this exception, that a black or mulatto person shall not be permitted to appear for or against a white persori.

It is possible, as suggested by the District Attorney, that instances may arise where, upon this construction, crime may go unpunished. If this be so, it is only matter for the consideration of the Legislature. With the policy, wisdom, or consequences of legislatión, when constitutional, we have nothing to do.

People *v.* Howard.

The judgment must be reversed, and the cause remanded for a new trial. Ordered accordingly.

COPE, J. delivered the following dissenting opinion :

I dissent from the conclusions arrived at by my associates in this case. It is a fundamental rule in the interpretation of statutes, that the construction must be according to the intention of the Legislature ; and it is only where the language is ambiguous and the intention doubtful, that the Courts are called on to construe or interpret. The rule is cardinal and universal, that if a statute is plain and unambiguous, there is no room for construction or interpretation. In cases of doubt, the whole statute is to be taken together, and effect given, if possible, to every clause and section of it ; and it must be so construed as to reconcile, as far as practicable, the different provisons, and make the whole act consistent and harmonious. The distinction to be observed in the construction of penal and remedial statutes is well understood ; and this distinction applies with equal force to different clauses of the same statute. Penal statutes are to receive a strict interpretation ; and a statute imposing disabilities is penal in its character, and must be strictly construed. The general words of such a statute must be restrained for the benefit of those against whom its provisions are intended to operate. Remedial statutes are to be liberally interpreted, and the words used are to be construed largely and beneficially, so as to suppress the mischief and advance the remedy. General words in one clause of a statute may be restrained by particular words in a subsequent clause of the same statute ; and where a general intention is expressed, and the act also expresses a particular intention incompatible with the general intention, the particular intention is to be considered in the nature of an exception. But the effect of this rule must, to some extent, be controlled by the nature of the particular clauses upon which the incompatibility arises. Where a general provision is remedial and beneficial in its character, its operation will not be restrained by a subsequent provision of a penal nature, unless the intention of the Legislature to that effect is clearly and unequivocally expressed.

In the present case, it is impossible to reconcile to the full extent of the language used, the two provisions we are called upon to construe ; and for the purpose of ascertaining the intention of the Legislature, it is necessary to resort to construction and interpretation.    Two intentions are expressed, and as far as practicable effect must be given to each ; but to the extent that they are repugnant and irreconcilable, it is not to be presumed that the Legislature intended to limit the application of an equitable and beneficial provision by a subsequent clause of a disabling and penal character. If these provisions were entitled to be regarded with equal favor, there is no doubt that the latter, so far as it conflicts with the former, should be considered in the nature of an exception ; but my opinion is, that they stand upon a different footing, and that such a construction is inadmissible upon any principle of interpretation recognized by the law.    The question is, whether the Legislature, after providing that the injured party shall, *in all cases*, be a competent witness, intended to except from the operation of that provision black and mulatto persons and Indians ; and I see no reason in law or policy upon which such an interpretation can be based.    The former of these provisions is entitled to a liberal and equitable interpretation, while the latter must be strictly construed, and its operation confined within the narrowest limits which can be assigned to it upon any reasonable hypothesis of the intention of the Legislature.    This being the rule of construction, as applicable to these provisions, I think that the latter cannot be regarded as a modification of the former ; and that wherever a black or mulatto person or Indian is the injured party, he is a competent witness.    Any other construction would, in many cases, result in an entire failure of public justice ; and this is, no doubt, one of the consequences against which the Legislature intended to provide.

I think the judgment should be affirmed.